UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ASRA ZAREI,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden Otay Mesa Detention Center, et al.,

Respondents.

Case No.:  26-CV-2932 JAO (AHG)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

(ECF No. 1)

Before the Court is Asra Zarei's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 4).  Also before the Court is Respondents Markwayne Mullin's (Secretary of the Department of Homeland Security), Todd Blanche's (Acting Attorney General), Todd M. Lyon's (Acting Director, Immigration and Customs Enforcement), and Christopher LaRose's (Warden of Otay Mesa Detention Center) (collectively, "Respondents") Response to Petition for Writ of Habeas Corpus (ECF No.4), and Petitioner's Traverse (ECF No. 5).

For the following reasons, the Court **GRANTS** the Petition for a Writ of Habeas Corpus.

///

///

1

## BACKGROUND

Petitioner is a native and citizen of Iran who has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since on or about March 11, 2025, when she entered the United States. ECF No. 1 ¶ 1. Immediately upon entry into the country, Petitioner was taken into custody and remains in detention under 8 U.S.C. § 1225(b). *See id.* ¶ 25. After a positive credible fear determination, DHS placed petitioner into standard removal proceedings, in which Petitioner filed an application for asylum and withholding of removal. *See id.* ¶ 20. The Immigration Judge granted Petitioner withholding of removal to Iran but denied asylum on April 7, 2026. *See id.* ¶ 22. Petitioner has appealed the denial of asylum to the Board of Immigration Appeals ("BIA"), meaning her order of removal is not administratively final. *See id.* Nevertheless, she has been detained for over fourteen months, and has not been afforded a bond hearing because of the government's position that people detained pursuant to § 1225(b) are not entitled to such a hearing. *See id.* ¶¶ 24–25. Petitioner has no criminal history. *See id.* ¶ 27.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other*

*grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

**DISCUSSION**

Petitioner argues that her prolonged detention without a bond hearing violates due process. *See* ECF No. 1 ¶¶ 38–46. Respondents acknowledge that "courts in this District have repeatedly inferred a constitutional right against prolonged mandatory detention," and concede that Petitioner should receive a bond hearing. *See* ECF No. 4 at 1.

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) (citation omitted). However, "[n]early all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1094 (S.D. Cal. 2025).

The Court finds that Petitioner has established she is entitled to a bond hearing. Petitioner's length of detention, now over fourteen months, without a bond hearing weighs in Petitioner's favor. Courts have found detention of similar lengths without a bond hearing supports a finding that detention has become unreasonable. *See, e.g.*, *Amado*, 2025 WL 3079052, at *5 (noting that "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable," and concluding in that case that thirteen months of detention weighed in favor of a bond

26-CV-2932 JAO (AHG)

hearing); *Guatam v. Corr. Corp of Am.*, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 809 F. Supp. 3d at 1095 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process). The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner's appeal to the BIA "may persist for many additional months," ECF No. 1 ¶ 4, and could then be followed by a petition for review to the Ninth Circuit. This process could take years and, thus, the likely duration of future detention weighs in favor of Petitioner. *See Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019); *Amado*, 2025 WL 3079052, at *5.

Delay in removal proceedings is neutral since the record does not demonstrate delay by either side. *See* ECF No. 1 ¶ 43 ("Petitioner's continued detention is not the result of any dilatory conduct on her part, but rather the ordinary course of immigration proceedings and adjudicatory delays inherent in the system."); *see generally* ECF No. 4 (not disputing Petitioner's assertion). Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus (ECF No. 4), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from

26-CV-2932 JAO (AHG)

Respondents' custody.  The Parties **SHALL** file a Joint Status Report by <u>June 5, 2026</u>, informing the Court of the outcome of the hearing.[1]

    **IT IS SO ORDERED.**

Dated:  May 19, 2026



Jill A. Otake
United States District Judge

---

[1] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  *See* ECF No. 1 at 10.  Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order.  *See* 28 U.S.C. § 2412(d)(1)(B).

26-CV-2932 JAO (AHG)